SO ORDERED.

Dated: August 13, 2010

_____
CHARLES G. CASE, II
U.S. Bankruptcy Judge

**TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-16851

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:10-bk-17944-CGC |
| Michael James Domstead and Timothea Elaine Domstead | Chapter 7 |
| Debtors. | ORDER |
| PNC Mortgage, a division of PNC Bank N.A. Movant, vs. | (Related to Docket #13) |
| Michael James Domstead and Timothea Elaine Domstead, Debtors, Roger W. Brown, Trustee. | |
| Respondents. | |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated February 6, 2006 and recorded in the office of the Maricopa County Recorder wherein PNC Mortgage, a division of PNC Bank N.A. is the current beneficiary and Michael James Domstead and Timothea Elaine Domstead have an interest in, further described as:

> LOT 58, SUNRISE AT NORTH CANYON, A SUBDIVISION RECORDED IN BOOK 296 OF MAPS, PAGE 19, RECORDS OF MARICOPA COUNTY, ARIZONA.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.